*Palmer v. Furlan*, No. 162-3-17 Wncv (Teachout, J., Nov. 22, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 162-3-17 Wncv** |

**STEPHAN PALMER**
    **Plaintiff**

    **v.**

**MARK FURLAN and the STATE OF VERMONT**
    **Defendants**

### DECISION
### The State's Motion to Dismiss

Plaintiff Stephan Palmer claims that, while he was an incarcerated inmate, Attorney Mark Furlan was appointed to represent him in a postconviction relief (PCR) case and did so negligently. He asserts legal malpractice against Mr. Furlan and, separately, against the State pursuant to 13 V.S.A. § 5241(b). In addition, he claims gross negligence and willful misconduct against Mr. Furlan.

The State has filed a Motion to Dismiss the claim against it arguing that there is no basis for any waiver of its sovereign immunity under § 5241 or otherwise.[1] Mr. Palmer argues that § 5241(b) required him to bring his negligence claim against Mr. Furlan against the State.

Mr. Palmer is represented by Attorney David J. Williams. The State is represented by Deputy Attorney General David R. Groff, and Mr. Furlan is represented by Attorney Robert G. Cain. Oral argument was heard on November 2, 2017.

Attorney Furlan was appointed to represent Mr. Palmer in connection with his post conviction relief claim on an ad hoc basis. Thus, he was an independent contractor with the State rather than its employee when he represented Mr. Palmer in his PCR case. Mr. Palmer's claim against the State is that Attorney Furlan represented him negligently. He asserts no direct claim against the State on any other basis.

Generally, when a State employee injures persons or property, the exclusive right of action lies "against the state of Vermont; and no such action may be maintained against the employee or the estate of the employee." 12 V.S.A. § 5602; see also 3 V.S.A. § 1101 (defining State employees and describing the State's obligation to defend them). In response to such a suit, the State may assert its sovereign immunity. Thus, one with a claim for negligence against a public defender who is an employee of the State must assert that claim against the State and can expect the State to assert its sovereign immunity in response.

---

[1] This is the State's motion and it does not seek dismissal of the claim against Mr. Furlan, who is separately represented.

In 2015, the legislature adopted 13 V.S.A. § 5241(b):

> In the performance of duties pursuant to a contract with or providing ad hoc legal services to the Office of the Defender General, an attorney shall have the benefit of sovereign immunity to the same extent as an attorney employed by the Defender General.

This subsection plainly is intended to permit an ad hoc defense attorney who is not a State employee to have the same immunity from personal liability as State-employed public defenders have when claims are asserted against them based on their public defender work. It also has the effect of equal treatment of plaintiffs with a claims against an assigned counsel: whether the assigned lawyer is an employee of the State or ad hoc counsel working under contract with the State, the plaintiff will be met with a sovereign immunity defense.

Subsection 5241(b) does not also say that a claim against ad hoc counsel must be brought against the State. There is no provision in it that is similar to 12 V.S.A. § 5602. Hence, the suit is against ad hoc counsel, not the State. Ad hoc counsel may assert sovereign immunity pursuant to the statute without the necessity of the State being named as a party.

The State seeks dismissal on that basis, claiming that it is not a proper party.

There is no claim against the State independently of the negligence claim against Mr. Furlan. The claim is against Mr. Furlan, and neither 12 V.S.A. § 5602 nor 13 V.S.A. § 5241(b) permits or requires the claim against Mr. Furlan to be brought against the State instead. 13 V.S.A. § 5241(b) simply allows Mr. Furlan to raise sovereign immunity with respect to the ordinary negligence claim against him.

Mr. Palmer also argues in supplemental briefing that the State's interpretation of 13 V.S.A. § 5241(b) violates the Common Benefits Clause. As noted above, all persons for whom defenders are appointed are treated the same with respect to negligence of their assigned attorneys, whether the attorney is an employee of the State or an ad hoc counsel under a contract. There is no unequal treatment that would implicate the Common Benefits clause.

Because there is no cognizable claim against the State, its Motion to Dismiss must be granted.

ORDER

For the foregoing reasons, the State's motion to dismiss is granted.

Dated at Montpelier, Vermont this _____ day of November 2017.

_____
Mary Miles Teachout

2

Superior Judge